Plaintiff’s claims arose from performance of a contract awarded by the Army Corps of Engineers to plaintiff as low bidder for the urgent construction of a weather station in Missouri. This court earlier dismissed the petition (156 Ct. Cl. 695, cert. denied 370 U.S. 911 (1962)), on the ground that plaintiff had failed to exhaust its administrative remedies and that the claim was barred by the statute of limitations. The present action is brought under Private Law 89-291 exempting plaintiff from these legal defenses by waiving them and conferring jurisdiction on the court. Defendant here asserts, inter alia, that plaintiff’s claim is barred by lack of timeliness in filing its claim with the contracting officer. Trial Commissioner C. Murray Bernhardt on March 1, 1972, after a trial, issued a report holding that plaintiff is not entitled to prevail on certain of its claims, but is entitled to an equitable adjustment for its costs incurred as a result of the Government’s acceleration of plaintiff’s work during severe weather conditions, despite plaintiff’s failure to give notice of its claim within the 30 days specified in the Changes and Extras clause of the contract, since the contracting officer was aware of the excusable delay circumstances and of his own insistence that plaintiff complete the work on time regardless. Furthermore, in granting a delayed request by plaintiff for a time extension, the contracting officer confirmed that the notice of the delay and the causes thereof was received in accordance with the terms of the contract, thereby waiving and curing any previous technical deficiencies. The Commissioner concluded that plaintiff is entitled to a judgment of $60,120.67 consist *995 ing of an equitable adjustment for acceleration costs, a profit tliereon, certain road damage for wbicli the Government has conceded responsibility, and remission of liquidated damages. The case came before the court on a stipulation of the parties stating that they accept the Commissioner’s report and requesting the court to adopt it as the basis for its judgment. On July 21,1972, by order, the court entered judgment for plaintiff for $60,120.67.